Here, the plaintiff gets no relief unless action previously taken is revoked. The government argues that this action can be taken only by the Director, since he is the official who finally approved the joint decision of the Regional Director and the Mexican official to "disqualify" the plaintiff. Plaintiff argues that it is only the local officers, who are defendants in this suit, who can take this action, because under the Department of Labor regulations only they can initiate the revocation of a certification under Article 7(a) of the employment contract. Plaintiff points out that this power is delegated to the Regional Director under 20 Code of Federal Regulations, 612, et seq.

We think it unnecessary to decide which of these officials has at the moment the initial authority to act, for either it is the Director, or it is the Regional Director acting under his delegaton of authority. Whatever power the local official has, it is because he has been authorized to do it by the Director. In thus acting, the Regional Director is exercising a power *for* the Director. Wherever such a decree requires the taking of action by the superior "either by exercising a power lodged in him or by having a subordinate exercise it for him," we find the Supreme Court in Williams v. Fanning, supra, held the superior is an indispensable party.

The plaintiff seeks to argue the merits of the contention that the alleged failure to keep records was an improper basis for the adverse action taken by the Regional Director because the record-keeping was part of an effort enforced by the Director to establish a minimum wage.[1] Plaintiff asserts that this policy is unauthorized by the Act and that the defendants' efforts to enforce it are illegal acts which may be enjoined as being unauthorized by law. Plaintiff seems to say that we should decide this question and thus having decided it favorably to plaintiff, we could then conclude that the Director was not an indispensable party. The difficulty with this position is that before any official subordinate to the Director may be required to take affirmative action in a matter committed to the Director, the Director is

the person entitled to be heard on this very question.

The same weakness infects the plaintiff's insistence that the hearings that were had under the regulations failed to comply with the regulations and the regulations themselves failed to afford it procedural due process. If the plaintiff seeks affirmative action from the Director or from his subordinate as to a delegated duty, no matter what grounds were asserted as a basis for the desired action, the Director's presence as a party to that contest is indispensable.

The judgment dismissing this complaint is

Affirmed.

### On Petition for Rehearing

PER CURIAM.

It appearing that in the opinion of the Court affirming the judgment of the trial court, entered on May 12, 1961, the Court inadvertently referred to the Bureau of Employment Security as being a bureau of the Department of Agriculture, the said opinion is hereby amended by striking the words "Department of Agriculture" wherever they appear and substituting the words "Department of Labor" therefor.

The motion for rehearing is hereby denied.

### McBRIDE FARMS MARKETING ASSOCIATION, Appellant,
### v.
### Charles E. JOHNSON and Tracy C. Murrell, Appellees.

### No. 18617.

United States Court of Appeals
Fifth Circuit.

May 12, 1961.

James C. Abbott, Ewers, Toothaker, Ewers, Elick, Jones & Abbott, McAllen, Tex., of counsel, for appellant.

---

1. A full discussion of this argument is contained in the recently decided case of Johnson et al. v. Kirkland et al., supra. In that case where a direct attack was made on this alleged "minimum wage policy" we held that the Secretary of Agriculture was an indispensable party.

Robert C. Maley, Jr., Asst. U. S. Atty., William B. Butler, U. S. Atty., Houston, Tex., Harry Campbell, Jr., Acting Regional Atty., Dept. of Labor, Dallas, Tex., for appellees.

Before TUTTLE, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

TUTTLE, Chief Judge.

The judgment of the trial court is affirmed. See the companion case Rio Hondo Harvesting Association v. Johnson et al., 5 Cir., 290 F.2d 471.

**R. P. BERGFELD, Appellant,**

v.

**Ellis CAMPBELL, Jr., District Director of Internal Revenue, Appellee.**

**No. 18686.**

United States Court of Appeals
Fifth Circuit.

May 9, 1961.

Rehearing Denied July 9, 1961.

Wentworth T. Durant, Ronald M. Mankoff, and Durant, Hobby & Mankoff, Dallas, Tex., for appellant.

William A. Friedlander, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., William B. West, III, U.S. Atty., Fort Worth, Tex., W. E. Smith, Asst. U. S. Atty., Dallas, Tex., Charles K. Rice, Asst. Atty. Gen., Louis F. Oberdorfer, Asst. Atty. Gen., A. F. Prescott, Atty., Dept. of Justice, Washington D., C., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal from the denial by the trial court of an injunction against the assessment and collection of income taxes assertedly owed by the appellant.

This does not present the usual question as to the propriety of enjoining the collection of income taxes, cf. Campbell v. Guetersloh, 5 Cir., 287 F.2d 878, and McDonald v. Phinney, 5 Cir., 285 F.2d 121. This is so because if the alleged basis for the illegality of the assessment in the case before us is established factually the statute expressly authorizes the granting of an injunction against collection. The ground of attack by the appellant is that no valid assessment for the tax years 1943, 1944, 1945 and 1946 was